IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 NOV 24 PM 1:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| ALABAMA FIRST INSURANCE COMPANY, as Subrogee of Carolyn P. Cohen, | ) ) ) ) | |
| PLAINTIFF, | ) ) | |
| VS. | ) ) | CV96-H-2032-S |
| FLUID MASTER, INC., and BLOCK DRUG COMPANY, INC., | ) ) ) | |
| DEFENDANTS. | ) | |

ENTERED
NOV 24 1997

## MEMORANDUM OF DECISION

The court has before it the September 30, 1997 motion for summary judgment filed by defendant Block Drug Company, Incorporated ("Block Drug"). Pursuant to the court's October 2, 1997 order, the motion was deemed submitted for decision, without oral argument, as of October 30, 1997.

Plaintiff, as subrogee of Carolyn P. Cohen, filed its complaint on August 5, 1996 against defendants Fluid Master, Inc. ("Fluid Master") and Block Drug. The complaint contains four counts: (Count I) violation of the Alabama Extended Manufacturers Liability Doctrine; (Count II) negligent or wanton manufacture, etc.; (Count III) negligent and wanton failure to warn; (Count IV) breach of express and implied warranties.

In moving for summary judgment, defendant Block Drug asserts only that its product was not the proximate cause of the damage to Carolyn P. Cohen's home. In support of its motion for summary judgment, Block Drug filed a brief and submitted evidence on September 30, 1997. Block Drug also submitted a reply brief in support of its motion for summary judgment and supplemental evidence on November 12, 1997. In its reply brief, Block Drug requested oral argument; however, the court does not find it necessary to hear oral argument on this motion. In opposition to the motion for summary judgment, plaintiff filed a brief and submitted evidence on October 30, 1997.

The following facts in this case are undisputed or where disputed are viewed in the light most favorable to plaintiff. On August 5, 1994, a leaking toilet at the home of Carolyn Cohen caused water damage to the home and its contents. The leaking toilet was located on the third level of Ms. Cohen's home and was rarely used. See Cohen Depo. p. 14-16. Ms. Cohen purchased the house new about 18 years prior to the incident. While she did change the flapper on the toilet two or three times during that eighteen year period she had never replaced the toilet. See id. at 9, 18, 27. In all probability the valve had been replaced since the valve in the tank at the time of the incident contains

identifying information suggesting a manufacture time in 1987. See Defendant Fluid Master's Answer to Interrogatories, No. 2. Ms. Cohen used automatic toilet bowl cleaners, including "2000 Flushes," in the toilet because it was not flushed often. See id. at 34-41. She did not see materials or instructions provided by Fluid Master regarding the toilet valves until after the leaking incident. See id. at 53. Plaintiff's expert witness, David Brown, a licensed engineer, investigated this incident, concluding:

> 1. It is concluded that the flush valve in question failed because of chlorine attack and degradation. The chlorine was present in the automatic bowl cleaner used by insurer.
>
> 2. The insured did not know that chlorine would attack the flush valve. It is foreseeable that home owners will use automatic bowl cleaners. It is also foreseeable that flush valves will be installed by plumbers and the home owners will be unaware of any warnings provided with the valve assembly.
>
> 3. It was concluded that the toilet flush valve in question was defective because it could not be used with commonly available automatic bowl cleaners.

See Brown report p. 4-5.[1]

---

[1] The evidence in this motion must be viewed in the light most favorable to plaintiff; however, the evidence submitted to the court demonstrates the parties have a dispute involving the reports of the expert witnesses of the plaintiff and defendant. See Plaintiff's brief, pp. 3-5, Defendant's reply brief, pp. 2-4. While the report of plaintiff's expert David Brown must be

3

## Summary Judgment Standard

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial.

---

generally accepted by the court for purposes of this motion for summary judgment, it remains to be seen whether the report can be admitted at trial under Daubert.

Celotex, 477 U.S. at 324. The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991) (en banc)).

If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. If the moving party makes such a showing, the

5

burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. If the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial. The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. The affirmative showing may be accomplished by reference to any combination of the following: pleadings; deposition testimony of

6

a party or its witness; affidavits; responses to interrogatories or failure to respond to interrogatories; requests for admission and responses thereto; and other exchanges between the parties that are in the record. See Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991); see also Celotex, 477 U.S. at 332 (Brennan, J., dissenting). If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.

## Analysis

Block Drug asserts that there is no question that the Fluid Master product failed and caused damage to Ms. Cohen's home and asserts that the only issue in this case is what caused the failure and who is responsible for it. The court, however, finds several complex issues and questions of material fact raised by this case.

Block Drug's sole argument in support of its motion for summary judgment is that its product was not the proximate cause of the failure of the toilet valve. In support of its argument,

Block Drug cites <u>City of Mobile v. Havard</u>, 268 So.2d 805 (1972), an Alabama Supreme Court case involving an automobile collision that occurred when a truck collided with plaintiff decedent's car in a tunnel in Mobile, Alabama. Rescue workers were unable to save the decedent because of defective or inadequate fire equipment that had been in place in the tunnel well before the collision occurred. In <u>Havard</u>, the Alabama Supreme Court reversed a jury verdict against the defendant that had installed the fire fighting equipment, holding that such defendant's negligence was a remote cause and not the proximate cause of the injury. <u>Havard</u>, 268 So.2d at 810. Curiously, Block Drug argues that the <u>Havard</u> case is dispositive and that Block Drug's product, like the conduct of the defendant in <u>Havard</u>, was at most a remote cause in the present case. However, viewing the evidence in the light most favorable to the plaintiff demonstrates that the Fluid Master toilet valve was installed at least seven years before the leakage took place and that the use of Block Drug's product in the toilet occurred <u>after</u> this installation. It seems obvious to the court, assuming the negligence of both defendants, that the remote negligence, if any, lies with Fluid Master and not Block Drug, in which case Block Drug would be the proximate cause of the failure of the

toilet valve. Furthermore, the court is not satisfied that the defendant Block Drug has addressed or met the three-part intervening agency or intervening efficient cause contemplated by Havard and more recent cases. See Gilmore v. Shell Oil Co., 613 So.2d 1272, 1275 (Ala. 1993) ("In order for conduct to be considered an intervening efficient cause, it must (1) occur after the defendant's negligent act, (2) be unforeseeable to the defendant at the time he acts, and (3) be sufficient to be the sole cause-in-fact of the plaintiff's injury.").

    Block Drug states that the proximate cause of the leaking toilet valve was Fluid Master's making a valve which it knew could not withstand a common component of automatic bowl cleaners and then failing to adequately warn purchasers of the danger. Again the court finds Block Drug's view of the time frame in this case inconsistent with general notions of logic. The Fluid Master valve had been in place for at least seven years. Therefore long *after* the valve had been in place the Block Drug toilet bowl cleaner was used and came into contact with the valve. Arguably, the automatic bowl cleaner companies could have taken action to avoid the problem as they surely were on notice that plastic valves were in use. It is clear to the court that

at the very least, there are many factual issues not resolved or still in dispute.

Furthermore, Block Drug requests that the court grant it summary judgment on all issues; however, the argument it asserts does not begin to address the duty to warn or breach of warranties issues involved in this case. Arguably, Block Drug had a duty to warn as they may have been aware of the effect of chlorine on plastic valves, especially since it is inconceivable that it did not have knowledge that these plastic valves were omnipresent in toilets, whether those of a large manufacturer such as Fluid Master or those of another manufacturer. Block Drug itself highlights the factual issues of the adequacy of Fluid Master's warning and whether Ms. Cohen heeded such warning. Certainly there are at least factual issues as to whether Block Drug also was aware of the warning. It is clear from the briefs and evidence submitted to the court that several complex issues remain to be resolved in this case.

Defendant Block Drug having failed to prove an absence of genuine issues of material fact and there being several factual issues to resolve, the defendant Block Drug's motion for summary judgment is due to be denied. A separate order to that effect will be entered this day.

As the court has observed, this is no simple case; it has complicated facts and legal issues which will be costly to the parties to resolve if the issues must be resolved only by a trial. It seems to the court that a settlement conference is in order and one will be scheduled by the referenced order to be entered.

DONE this 24th day of November, 1997.

_____
SENIOR UNITED STATES DISTRICT JUDGE